## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number:  **09-08102-hb**

## ORDER ON CLAIM OBJECTION

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**05/09/2011**



_US Bankruptcy Judge_
District of South Carolina

Entered: 05/10/2011

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 09-08102-HB |
| | Chapter 11 |
| South Capital Group, Inc., a Corporation, | **ORDER** |
| Debtor(s). | |

**THIS MATTER** came before the Court for hearing on April 28, 2011, pursuant to the Objection to Claim filed by South Capital Group, Inc. (Debtor) to the claim of NAI Avant, LLC, (Claimant) and the Claimant's response thereto.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (K). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The Debtor was in the business of acquiring, owning and developing land. Debtor filed this Chapter 11 case on October 29, 2010, listing this claim as disputed. Claimant filed a timely proof of claim in the Chapter 11 case on February 26, 2010 (Claim #46) as a secured claim in the amount of $162,540.00. Claimant included with its claim a copy of a document titled "Mortgage Note" for the same amount signed by David W. Hilburn and George A. Delk specifically in their capacity individually[1] and it referenced "72.247 Acres also know as Syrup Mill Road, Blythewood, SC 29016." The

---

[1] The signature line appears as follows:

David W. Hilburn, Individually          Borrower

George A. Delk, Individually          Borrower

attachment did not mention the Debtor and no party signed that document on behalf of Debtor. Hilburn and Delk each own a fifty percent share of Debtor's outstanding shares.

Debtor objected to this proof of claim thereafter stating that the Debtor does not owe the debt and that Claimant does not have a perfected security interest in any property of the Debtor's estate. Debtor's counsel called the Court's attention to the fact that the attachments to the proof of claim did not indicate that Debtor was obligated on the debt. Claimant conceded that the proof of claim is in error in that Claimant does not hold a claim secured by any property of this Debtor. However, Claimant reasserted that Debtor does owe the amount set forth in the proof of claim as an unsecured debt.

The Bankruptcy Code establishes a burden-shifting framework for determining the amount and validity of a claim. A creditor's filing a proof of claim constitutes prima facie evidence of the amount and validity of a claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). Once the claim is filed, the burden shifts to the debtor to object to the claim. 11 U.S.C. § 502(b). The debtor must introduce evidence to rebut the claim's presumptive validity. Fed. R. Bankr. P. 9017. "If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). By pointing to the deficiencies in the attachments to the proof of claim, the Court turned to the Claimant for proof of the amount of the claim and the Debtor's liability for payment of the claim.

Claimant's response to the Objection explains that Creditor's claim arises out of a real estate transaction in which Hilburn and Delk executed a promissory note payable to Claimant for a real estate commission owed by Debtor. At the hearing, Claimant

presented the testimony of Tom Milliken, a senior sales agent.  Milliken testified that

Debtor and Claimant entered into an Exclusive Buyer Representation Agreement (the

"Agreement") dated March 6, 2007, wherein Debtor promised to pay a 10% commission

to Claimant at the closing of a purchase of property by Debtor.  The Agreement was

executed by Hilburn for Debtor and was admitted into evidence.  Hilburn explained that

the sale closed but the 10% commission was not paid.  Instead, Claimant agreed to allow

the sale to close with the commission still due, on the condition that Hilburn and Delk

sign the Mortgage Note attached to the proof of claim.  Milliken testified that no portion

of the 10% was ever paid and that Claimant never intended to waive its claim against the

Debtor evidenced by the Agreement, but rather demanded the Mortgage Note to further

secure payment of this debt.

Debtor entered into evidence a copy of a real estate closing statement showing

payment of an $81,270.00 commission to Claimant intending to show payment or partial

payment.  However, Milliken explained that the commission at that closing involved

other properties and reasserted that Claimant had not been paid at all for the obligation

set forth in the Agreement.  Hilburn and Delk did not attend the hearing to counter this

testimony and Debtor did not present any witnesses to support its position.  Milliken

testified that the outstanding debt is $162,540.00, and that it is owed by Debtor, Hilburn

and Delk.[2]  Counsel for Claimant asserted that Claimant is entitled to add interest to bring

the total of the debt to $197,066.31.  Debtor's counsel objected to the addition of interest

---

[2]The parties advised the Court that separate litigation is pending between Claimant, Hilburn and Delk in
state court as a result of the alleged debt.  Claimant presented into evidence a copy of Defendants' Answers
and Interrogatories in the case of NAI Avant, LLC v. David W. Hilburn and George A. Delk, pending in
the Court of Common Pleas for Richland County, to persuade the Court that the obligation is due from
Debtor.  However, it was not necessary for the Court to consider this document to find that Debtor is
responsible for this debt.  Other testimony and documentary evidence was sufficient to make this finding.

to the claim, stating that Claimant cannot now increase the amount set forth on its proof of claim.  The Court notes that the Agreement did not include any provision which provided for the addition of interest should the principal amount of the obligation not be paid in a timely manner, and Claimant did not point the Court to any applicable authorities commanding the addition of interest on these facts.

After a review of the evidence and applicable law, the Court finds that Claimant has met its burden of proving by a preponderance of the evidence that the Debtor owes the amount set forth in the proof of claim, as a general unsecured debt.  Therefore, based on the findings and conclusions stated on the record, and as set forth herein, **IT IS HEREBY ORDERED**:

That claim #46 filed by NAI Avant, LLC, in the amount of $162,540.00 is hereby allowed as a general unsecured claim without priority.